IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT WORRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-3068-WEB |
| | ) | |
| SAM CLINE, | ) | |
| Ellsworth Correction Facility, | ) | |
| & | ) | |
| PHILL KLINE, | ) | |
| Kansas Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM AND ORDER

Petitioner Robert Worrell seeks to have the penalties for violating post-release supervision declared unconstitutional. (Doc. 1). On January 2, 2002, Petitioner pled guilty to two counts of aggravated indecent liberties with a child. He was sentenced to 102 months imprisonment to be followed by 36 months of post-release supervision. Petitioner raised the issue to the Kansas Court of Appeals (KCA) and that court denied Petitioner's claim on August 26, 2005. *State v. Worrell*, 118 P.3d 177 (Table) (No. 93, 194) 2005 WL 2076574 (Kan. Ct. App. August 26, 2005) (unpublished opinion). The Kansas Supreme Court denied review on December 20, 2005. Petitioner filed a motion for relief under 28 U.S.C. § 2254 on March 6, 2006. (Doc. 1).

Petitioner alleges his constitutional rights will be violated if he were to serve his entire prison sentence and then be re-incarcerated for violating the terms of his post-release supervision.

> Under Article III of the Constitution, federal courts have subject matter jurisdiction only over cases and controversies. Whether a claim is ripe for adjudication, and therefore presents a case or controversy, bears directly on this jurisdiction. The ripeness doctrine is intended to prevent the courts through avoidance of premature adjudication, from entangling themselves in abstract disagreements....In determining whether a claim is ripe, two issues

must be evaluated: (1) the fitness of the issue for judicial resolution and (2) the hardship to the parties of withholding judicial consideration.
*United States v. Wilson,* 244 F.3d 1208, 1213 (10th Cir. 2001) (internal quotations and citations omitted).

Neither party raised the issue of ripeness and justiciability; however, this relates to the subject matter jurisdiction of the court and it will be considered *sua sponte*.[1]  *Id.*, at 1214 n.1. Furthermore, ripeness can be raised for the first time on appeal. *Utah v. U.S. Dept. of the Interior*, 210 F.3d 1193, 1196 (10th Cir. 2000).

Under the first prong, an issue is not fit for judicial resolution when it is speculative and hypothetical. *Wilson.,* 244 F.3d at 1214. Petitioner argues the Constitution would be violated if, after having served the full term of incarceration for his conviction, he were later incarcerated for an infraction of his post-release supervision. He states:

> The plaintiff does not argue the fact that a post release sentence is illegal this is not what this petition is about, what this petition is about is; the enforcement of a post release violation. Which is then followed by imprisonment and at what point an imprisonment for a post release violation becomes unconstitutional, can this be possible? Yes, it is very possible. How? If the plaintiff were to serve his entire prison sentence in prison...then upon the release of the plaintiff.
> From the Kansas Dept. of Corrections his entire court ordered prison term will have been satisfied while he was still in prison, in other words, his prison term will have been maxed out before his release from prison. Therefore, if the Dept. of Corrections were to reincarcerate the plaintiff on this same maxed out sentence, even if they call this incarceration a "post release violation". [sic] It would still violate the civil rights of the plaintiff.

(Doc. 10 at 3).

This claim is not fit for judicial resolution as it is speculative. Petitioner is serving a 102 month sentence for his aggravated indecent liberties with a child convictions. For the alleged

---

[1] The KCA mentioned but did not address this issue, choosing instead to decide the case on the merits. *Worrell,* No. 93,194 at 3.

constitutional violation to occur, he needs to finish serving this prison sentence, violate his subsequent post-release supervision, and be incarcerated again. Petitioner does not allege and the record does not show that these facts have occurred; consequently, Petitioner's constitutional violation is hypothetical. *Texas v. United States*, 523 U.S. 296, 300 (1998) ("[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all").

Petitioner does not meet the second prong as he will not suffer any hardship. Petitioner is not in imminent danger of being incarcerated for violating his post-release supervision as he is not on post-release supervision; moreover, once he completes his prison term, he may remain a free man by adhering to Kansas' supervised release requirements. Kan. Stat. Ann. 75-5217(a) (a warrant may be issued for violating conditions of post-release supervision); see *United States v. White*, 244 F.3d 1199, 1204-1205 (10th Cir. 2001) (defendant met hardship prong because he was on supervised release and in danger of re-incarceration if he violated challenged terms of supervised release); see *United States v. Morgan*, 44 Fed. Appx. 881, 885 n.2 (10th Cir. 2002) (defendant suffered no hardship because he had years remaining on his conviction before beginning supervised release).

This case is neither ripe nor justiciable. Petitioner's motion for relief under 28 U.S.C. § 2254 (Doc. 1) is dismissed and Certificate of Appealability under 28 U.S.C. § 2253 is denied. The Clerk is directed to enter judgment for Respondents.

SO ORDERED this 14th day of November, 2006.

    s/ Wesley E. Brown
Wesley E. Brown, Senior U.S. District Judge